STATE OF FLORIDA ex rel. N. BUCKNER, LEON ST. JOHN and R. G. BUCKNER, v. H. L. CULBREATH, as Sheriff of Hillsborough County, Florida.

9 So. (2nd) 111                                    En Banc
June 30, 1942

Sam Bucklew for N. Buckner, McKay, Macfarlane, Jackson & Ferguson and Howard P. Macfarlane for Leon St. John; John M. Allison for R. G. Buckner, petitioners.

C. J. Hardee, for Florida State Board of Optometry, J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for respondent.

THOMAS, J.:

A writ of habeas corpus was issued by this court to review an order entered in the circuit court for Hillsborough County adjudging the petitioners guilty of contempt of court for the violation of an order restraining "United Optical Company, and N. Buckner, Leon St. John and R. G. Buckner, doing business as the United Optical Company . . . from engaging in the practice of Optometry . . . or in anywise violating the provisions of Chapter 19031, Laws of Florida, Acts of 1939 . . ." but not preventing the defendant R. G. Buckner from continuing to practice

as a physician and oculist "personally and under his own name."

There was testimony on the part of the petitioners that subsequent to the entry of the restraining order United Optical Company was dissolved and all of the interest held in it by R. G. Buckner, the physician, and his brother, N. Buckner, had been transferred to Leon St. John in exchange for his promissory notes and that he continued the business in the same location. The evidence which it was the chancellor's privilege to believe was sufficient to establish that the office where the glasses were manufactured was adjacent to the one occupied by the physician and that on at least one occasion a witness went to the former place; was directed to the physician who prescribed lenses for which he charged a dollar and who recommended that the witness return to the office occupied by St. John to have the lenses manufactured. There the witness received credit on the cost of the glasses for the amount paid to the physician for the examination. It was further testified by the same person that upon both visits N. Buckner was present in the establishment, ostensibly operated by St. John, and to all appearances was assisting the latter, who was then doing business as United Optical Dispensary.

From our examination of the record we reach the conclusion that the chancellor was justified in holding the petitioners in contempt of the court for violation of the order which he had entered because the evidence, although some of it was disputed by the petitioners, was sufficient to show that the manner of conducting the business by the petitioners was merely a subterfuge and adopted by them to circum-

vent the provisions of Chapter 19031, supra, and to thwart the injunction.

The constitutionality of Chapter 19031, supra, is questioned because of the provisions of Section 18 but is not necessary to decide the point as that portion of the act is not applicable to the issues in this controversy and Section 21 provides that if any part of the law is held invalid the judgment declaring it so shall not affect the remainder.

The writ is discharged and the petitioners are remanded to the custody of the Sheriff of Hillsborough County.

WHITFIELD, TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.

BROWN, C. J., dissents.